UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TERRELL THOMAS,

                MEMORANDUM AND ORDER

        Plaintiff,                12 Civ. 1128 (ILG) (SMG)

    - against -

DAVID MAO-FONG HSIAO, et al.

        Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Plaintiff Terrell Thomas ("plaintiff" or "Thomas") brings this action against David Mao-Fong Hsiao, May Kueimei Hsiao, and Joy Huian Hsiao ("Hsiaos") and Golden Deli NY Inc. ("Golden Deli") (collectively, "defendants"), alleging that 32-21 Linden Place in Flushing, New York, which the Hsiaos own and Golden Deli leases, is not sufficiently accessible for wheelchair users. Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq.; N.Y. Exec. Law § 296; N.Y. Civ. Rights Law § 40; and N.Y.C. Admin. Code § 8-107; and brings a negligence claim against defendants for the same underlying conduct. Plaintiff seeks injunctive relief, declaratory relief, and attorneys' fees under the ADA, as well as damages under the state and city law claims. Golden Deli moves for summary judgment under Federal Rule of Civil Procedure 56, claiming that plaintiff's action is moot because the violations have been rectified and that the only unresolved issue is the proper amount of attorneys' fees to be awarded to plaintiff's counsel.

        Although all three parties filed submissions in connection with Golden Deli's motion, none included Local Civil Rule 56.1 statements. In its Memorandum and Order dated November 6, 2012, the Court ordered the parties to submit such statements. Dkt.

1

No. 15. The Court specifically noted that Local Rule 56.1(d) requires that each statement "be followed by citation to evidence which would be admissible," and that "[f]ailure to comply with Local Rule 56.1 in its entirety will result in denial of the motion." Id. (citing Local Rule 56.1(a)).

On November 7, 2012, Golden Deli submitted its 56.1 statement. Dkt. No. 16. None of the facts that it asserts are undisputed are followed by citation to admissible evidence, as required by Local Rule 56.1(d). The Court may deny the motion for summary judgment on the basis that Golden Deli failed to comply with Local Rule 56.1. See MSF Holding Ltd. v. Fiduciary Trust Co. Int'l, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (denying motion for summary judgment because moving party failed to submit the required 56.1 statement); Searight v. Doherty Enters., Inc., No. 02-cv-0604, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (same). Furthermore, Golden Deli failed to comply with the Court's Order dated November 6, 2012.

Accordingly, Golden Deli's motion for summary judgment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 20, 2012

/s/ ILG
I. Leo Glasser
Senior United States District Judge

2